Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Solar Biotech, Inc.** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **Solar Bioprocessing, LLC** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **84-2489449** |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business**<br><br>**5516 Industrial Park Road**<br>**Norton, VA 24273**<br>Number, Street, City, State & ZIP Code<br><br>**Wise**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **www.solarbiotech.com** | |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor  **Solar Biotech, Inc.**　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　　Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5417**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☒ No.
- ☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor　See Schedule 1　　　　　　　　Relationship _____
District _____ When _____ Case number, if known _____

| Debtor | **Solar Biotech, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency
            Contact name
            Phone

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Solar Biotech, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **06/23/2024**
MM / DD / YYYY

**X** **/s/ Alex Berlin**                                   **Alex Berlin**
Signature of authorized representative of debtor     Printed name

Title  **Chief Executive Officer**

**18. Signature of attorney**

**X** **/s/ Cheryl A. Santaniello**                        Date **06/23/2024**
Signature of attorney for debtor                                 MM / DD / YYYY

**Cheryl A. Santaniello**
Printed name

**Porzio, Bromberg & Newman, P.C.**
Firm name

**300 Delaware Avenue**
**Wilmington, DE 19801-1607**
Number, Street, City, State & ZIP Code

Contact phone **302-526-1234**     Email address **casantaniello@pbnlaw.com**

**5062 DE**
Bar number and State

**United States Bankruptcy Court**
**District of Delaware**

In re **Solar Biotech, Inc.**
Debtor(s)

Case No.
Chapter **11**

# Schedule 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of Solar Biotech, Inc.

Solar Biotech, Inc.
Noblegen Inc.

# United States Bankruptcy Court
## District of Delaware

In re **Solar Biotech, Inc.**

Debtor(s)

Case No.

Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Alex Berlin | 9428 Macon Road<br>Raleigh, NC 27613 | 75% |
| Ronald Morris | 113 Cupola Chase Way<br>Cary, NC 27519 | 25% |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Solar Biotech, Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Aerotek, Inc.<br>P.O. Box 198531<br>Atlanta, GA 30384 | | | | | | $24,039.70 |
| Aggreko<br>4610 West Admiral Doyle Drive<br>New Iberia, LA 70560 | | Professional Services | | | | $62,692.71 |
| BDO Canada LLP<br>20 Wellington Street East, Suite 500<br>Toronto, ON M5E 1C5 | | | | | | $30,227.50 |
| Biofors LLC<br>2915 Ogletown Road<br>Newark, DE 19713 | | Professional Services | | | | $257,114.40 |
| Brendan Brazier<br>762 8th Street<br>Palm Harbor, FL 34683-4200 | | | | | | $125,517.88 |
| Christian Doppler Forschungsgesellschaft<br>Boltzmanngasse 20<br>1090 Wien<br>Osterreich, Austria | | | | | | $78,454.81 |
| CliftonLarsonAllen LLP<br>220 S 6th ST<br>STE 300<br>Minneapolis, MN 55402 | | Professional Services | | | | $45,151.60 |
| DLA Piper<br>One Liberty Place<br>1650 Market St., Suite 5000<br>Philadelphia, PA 19103-7301 | | | | | | $442,378.25 |

Debtor **Solar Biotech, Inc.**          Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Federal Economic Development Agency 101-139 Northfield Drive West Waterloo, Ontario Canada N2L 5A6 | | | | | | $50,590.17 |
| Food 4 Thought 4900 Narcissus Lane-N Plymouth, MN 55446 | | | | | | $195,275.63 |
| Intertek 2233 Argentia Road, Suite 201 Mississauga ON Canada L5N 2X7 | | | | | | $27,056.26 |
| James Richardson & Sons Limited 3000 One Lombard Place Winnipeg, Manitoba Canada R3B 0Y1 | | | | | | $31,073.87 |
| TF Research and Development, Inc. 840 Katahdin Way Cary, NC 27519 | | | | | | $101,500.00 |
| Kawartha Credit Union 4 Hunter St E Peterborough ON Canada K9H 7R8 | | | | | | $19,714.71 |
| Marat Khodoun 8911 Meadow Drive Mason, OH 45040 | | | | | | $226,000.00 |
| McWilliams Brothers Holdings Inc. 712 The Kingsway Peterborough Ontario Canada K9J 6W6 | | | | | | $61,103.28 |
| Nandkumar Nandu Nayar 6926 Lehigh Court Allentown, PA 18106 | | | | | | $43,500.00 |
| Nutrition Sustainability Strategies LLC 7901 4th St. N., Suite 13538 St. Petersburg, FL 33702 | | | | | | $20,354.26 |
| PartTime CFO Services 5115 Oak Hills Rd Hamilton Township ON K0L1E0 | | | | | | $25,312.00 |

| Debtor | **Solar Biotech, Inc.** | | Case number *(if known)* | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| SAFE, Inc.<br>1350 N Wells St.<br>Ste E102<br>Chicago, IL 60610 | | Professional Services | | | | $123,040.00 |
| Separation Guru, LLC<br>105 Redhill Rd<br>Holly Springs, NC 27540 | | Professional Services | | | | $49,096.50 |
| Solidify LLC<br>2212 Boiling Springs Rd<br>Boiling Springs, SC 29316 | | Professional Services | | | | $60,000.00 |
| Solinox (AES)<br>150 Chevrefils,<br>Saint-Rémi (Québec)<br>Canada J0L 2L0 | | | | | | $247,759.00 |
| Stellaria<br>459 Albertus Avenue<br>Peterborough Ontario<br>Canada K9J 5Z9 | | | | | | $25,000.00 |
| The Kendall Group Inc.<br>5101 S Sprinkle Road<br>Portage, MI 49002 | | Electrical Supplies and Services | | | | $28,849.44 |
| Trent University<br>2140 E Bank Dr<br>Peterborough, ON<br>Canada K9L 1Z8 | | | | | | $70,051.06 |
| Troutman Pepper<br>Union Trust Building<br>501 Grant Street, Suite 300<br>Pittsburgh PA 15219-4429 | | | | | | $146,078.86 |
| Wells Fargo Equipment Finance, Inc.<br>PO Box 3072<br>Cedar Rapids, IA 52406-3072 | | Netsuite Financing | | | | $41,115.34 |
| Wildeboer Dellelce LLP in Trust<br>365 Bay Street, Suite 800<br>Toronto, ON<br>Canada M5H 2V1 | | | | | | $44,980.48 |
| Young America Capital<br>141 E Boston Post Rd<br>Mamaroneck, NY 10543 | | Professional Services | | | | $42,964.88 |

| **Fill in this information to identify the case:** |
|---|
| Debtor name **Solar Biotech, Inc.** |
| United States Bankruptcy Court for the: **DISTRICT OF DELAWARE** |
| Case number (if known) |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **June 23, 2024**    X **/s/ Alex Berlin**
                                    Signature of individual signing on behalf of debtor

                                 **Alex Berlin**
                                    Printed name

                                 **Chief Executive Officer**
                                    Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

DocuSign Envelope ID: 6CBEFEC8-8C40-4872-A4A3-1AFEE5B12400

# UNANIMOUS WRITTEN CONSENT
# OF THE BOARD OF DIRECTORS OF
# SOLAR BIOTECH, INC.
# IN LIEU OF MEETING

June 23, 2024

The undersigned, being all of the members of the board of directors (the "**Board**") of SOLAR BIOTECH, INC. , a Delaware corporation (the "**Company**"), acting without a meeting and pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, by this unanimous written instrument (this "**Consent**"), hereby takes the following actions and adopts the following resolutions set forth below on behalf of the Company. The resolutions adopted and the actions taken by this Consent shall have the same force and effect that such resolutions and actions would have if they were adopted and taken at a duly called and convened meeting of the Board.

**WHEREAS**, the Board has reviewed and considered historical performance and results of the Company, its current and future liquidity needs, its business prospects, and its current and longterm liabilities;

**WHEREAS**, the Company is the sole shareholder of Noblegen Inc, which has also determined to pursue relief under the provisions of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"); and

**WHEREAS**, the Board has determined that it is advisable and in the best interests of the Company to pursue relief under the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

1. **Commencement of Chapter 11 Case**

**RESOLVED**, that the Company file, or cause to be filed, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it is further

**RESOLVED**, that Ken Yager of Newpoint Advisors Corporation is appointed as the Chief Restructuring Officer of the Company (the "**CRO**"), and that each of the CRO and Alex Berlin, CEO of the Company (each, an "**Authorized Person**" and collectively, the "**Authorized Persons**"), acting singly or jointly, be, and hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents; and it is further

7744641

**RESOLVED**, that the Authorized Persons be, and each of them, acting singly or jointly, hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and in furtherance of the restructuring of the Company's debts and obligations, all as consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## 2. Retention of Advisors

**RESOLVED**, that the following professionals be engaged and retained on behalf of the Company: (i) Porzio, Bromberg & Newman, P.C. as general bankruptcy counsel; (ii) Newpoint Advisors Corporation to provide Ken Yager to serve as the CRO and provide personnel in support of the CRO; (iii) Newpoint Advisors Corporation as financial advisors/sales agent; and (iv) Epic Corporate Restructuring, LLC as claims and noticing agent; each to represent and assist the Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all actions to advance the Company's rights and interests (including, without limitation, the law firms filing any pleadings and responses, and making any filings with regulatory agencies or other governmental authorities); and it is further

**RESOLVED**, that the Authorized Persons be, and each of them, acting singly or jointly, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements with and pay appropriate retainers to the foregoing professionals and such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company, and to cause to be filed appropriate applications for authority to retain the services of such professionals; and it is further

## 3. Financing

**RESOLVED** that the Authorized Persons be, and each of them, acting singly or jointly, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to negotiate and obtain postpetition financing and/or use of cash collateral, including under one or more debtor-in-possession credit facilities, as such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and to carry out and put into effect the purposes of these resolutions; and to enter into any guarantees and to pledge and grant liens on the Company's assets in support of such financing, and in connection therewith to execute appropriate loan agreements and related ancillary documents; with the actions of the Authorized Persons taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all such financing related documents, being deemed conclusive evidence of the approval and the necessity, desirability or appropriateness thereof; and it is further

**RESOLVED** that the Authorized Persons be, and each of them, acting singly or jointly, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with any such financing transaction(s) and all fees and

7744641

expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of any financing related documents, which shall in its sole judgment be necessary, appropriate, or desirable to perform any of the Company's obligations under or in connection with such financing arrangements and to carry out fully the intent of these resolutions; and it is further

**4.     General**

**RESOLVED**, that the Authorized Persons, be, and each of them, acting singly or jointly, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (b) the execution, delivery, performance and filing (if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities and other expenses, as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and it is further

**RESOLVED**, that any person dealing with any Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person and by his or her execution of any document, agreement or instrument, the same to be a valid and binding obligation of such Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that each Authorized Person is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary or desirable in the opinion of such Authorized Person, a true copy of the foregoing resolutions; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any Authorized Person of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken.

DocuSign Envelope ID: 6CBEFEC8-8C40-4872-A4A3-1AFEE5B12400

The undersigned, being all of the members of the Board of the Company, have executed and adopted this Consent as of the date first above written.

BOARD OF DIRECTORS:

_____
ALEX BERLIN

_____
RONALD LEW MORRIS

_____
VERA MAXIMENKO GUTMAN

_____
MICHAEL T. SULLIVAN