IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SOLAR BIOTECH, INC., *et al.*,[1] | Case No. 24-11402 (LSS) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF ALEX BERLIN IN SUPPORT OF DEBTORS' CRITICAL VENDOR MOTION**

I, Alex Berlin, make this Declaration under 28 U.S.C. § 1746:

1. I am the Chief Executive Officer and Chief Technology Officer of Solar Biotech, Inc. ("SBI") and Noblegen, Inc. ("NI", together with SBI, the "Debtors"). As such, I am familiar with the Debtors' day-to-day operations, business and financial affairs, books and records, and the circumstances leading to the commencement of the above-captioned debtors' chapter 11 cases (the "Chapter 11 Cases").

2. I incorporate herein the *Declaration of Alex Berlin in Support of Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 3] (the "First Day Declaration").

3. I submit this Supplemental Declaration in support of the Debtors' motion for entry of interim and final orders (I) authorizing Debtors to pay prepetition claims of critical vendors and (II) granting related relief (the "Critical Vendor Motion").

4. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the Debtor's professionals, or my opinion based upon my experience, knowledge, and information

---

[1] The Debtors in these Chapter 11 Cases are Solar Biotech, Inc. and Noblegen Inc. The location of Debtors' principal place of business is 5516 Industrial Park Rd, Norton, VA 24273, Attn: Alex Berlin.

7758272

concerning the Debtors' operations.  I am authorized to submit this Declaration on the Debtors' behalf.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5. With the Critical Vendor Motion, as a result of Debtors' vetting process, Debtors have identified seven (7) Critical Vendors. The Critical Vendors provide services which are especially important to Debtors in that they allow the Debtors to remain operational and to complete existing work, maintain the facilities, and prepare for new projects.  The majority of the Critical Vendor Claims are already accounted for in the Approved Budget[2], and the Debtors understand that they will need to seek the DIP Lender's consent before paying any Critical Vendor Claims that are not in the Approved Budget.  Related to this, the DIP Lender has reviewed this Motion and has no objection to the relief requested.  The total of the Critical Vendor Claims is approximately $104,694.00.  The amount in the Approved Budget allocated for these Critical Vendor Claims during the interim period is $79,262.00 (the "<u>Budgeted Approved Amount</u>").  The Debtors seek authority to utilize the Budgeted Approved Amount during the interim period to satisfy Critical Vendor Claims.

6. Consistent with the relief requested in the First Day Motions as described in my First Day Declaration, I belief the relief sought in the Critical Vendor Motion is: (a) vitally necessary for the Debtors to (i) effectuate a smooth transition into, and operate within, these Chapter 11 Cases, (ii) avoid immediate and irreparable harm, and (iii) avoid interruption or disruption to their business to the greatest extent practicable; (b) in the best interests of the Debtors' creditors, estates, and other stakeholders; and (c) constitutes a critical element in preserving value during the Chapter 11 Cases.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2024 　　　　　　　　　　　　　　　　　/s/ *Alex Berlin*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Alex Berlin