# **<u>EXHIBIT 1</u>**

## Solar Biotech, Inc., *et al.*
## Revised Plan of Liquidation – Term Sheet

This term sheet (the "Term Sheet") is prepared in connection with the Combined Disclosure Statement And Chapter 11 Plan of Liquidation of Solar Biotech, Inc. and its debtor affiliate, as it may be amended in the future ("DS/Plan"). The Term Sheet is among Solar Biotech, Inc. and its affiliated debtor (collectively, the "Debtors"), Ingredion[1] and the Committee. The Term Sheet describes certain material terms of an amended DS/Plan (as amended, the "Revised DS/Plan") that the Debtors intend to pursue with the support of Ingredion and the Committee. The Term Sheet is intended to amend and supplement the terms contained in the DS/Plan, filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at Docket 262.[2]

**The Bankruptcy Code requires the Debtors to prepare and circulate a disclosure statement prior to soliciting stakeholder approval of a chapter 11 Plan. Neither the DS/Plan, this Term Sheet, nor any other materials the Debtors may circulate should be regarded as a solicitation of acceptances of a chapter 11 plan for purposes of the Bankruptcy Code. Stakeholders are asked to reserve judgment on all the matters raised by the DS/Plan until the Revised DS/Plan is available and a disclosure statement is approved by the Bankruptcy Court.**

| I. Background ||
|---|---|
| **DS/Plan filing and outstanding issues** | The Debtors filed the DS/Plan on October 21, 2024. At the time, there were certain unresolved factual and legal issues, namely, the Committee's possible challenge to Ingredion's lien and claims. That matter became the subject of a pending adversary proceeding commenced by the Committee against Ingredion, Adv. Pro. No. 24-50234 (LSS) (the "Committee/Ingredion Adversary Proceeding" or "CIAP"). |
| **The Revised DS/Plan as a settlement** | The Revised DS/Plan provides a construct for a settlement and good-faith compromise of the CIAP (the "CIAP Settlement"). The CIAP Settlement involves:<br>1. Dismissal with prejudice of the CIAP;<br>2. Payments already received by Ingredion during the Chapter 11 Cases, approximately $6,874,284.07, will not be disturbed by the Debtor, the Committee, the |

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the DS/Plan.

[2] Neither this Term Sheet nor the DS/Plan have been approved by the Bankruptcy Court. Nothing contained herein shall constitute an offer, acceptance, commitment, or legally binding obligation of the Debtors or any other party in interest, except for the commitments of the parties in this Term Sheet.

|  | Liquidating Trustee, or any other party in interest in the Chapter 11 Cases; |
|---|---|
|  | 3. The Compromised Ingredion Secured Claim (defined below) will be paid from the General Pool (defined below) as follows:<br><br>(i) pre-petition secured claim of remaining principal: $6,595,613.87; and<br><br>(ii) $1,000,000 towards interest and costs/expenses. |
|  | 4. The Compromised Ingredion Secured Claim shall be defined as: "the reduced Ingredion Secured Claim to settle the CIAP, which claim shall aggregate $7,595,613.87, consisting of:<br><br>(i) pre-petition secured claim of remaining principal: $6,595,613.87; and<br><br>(ii) $1,000,000 towards interest and costs/expenses." |
|  | 5. Ingredion will forego seeking collection of approximately $1,000,000 of its claim as consideration for the settlement of the CIAP (the "Ingredion Allowed Unsecured Claim" or "IUC"), which IUC consists of accrued interest through the Effective Date; and unreimbursed fees and expenses through the Effective Date. |
|  | 6. The Compromised Ingredion Secured Claim will remain in Class 1 but its status will be amended to Impaired and entitled to vote. |
|  | 7. The IUC will be part of Class 3 and be entitled to vote but Ingredion will not receive any distribution on account of the Ingredion Allowed Unsecured Claim. |
|  | 8. The Committee will support the Revised DS/Plan, and recommend that General Unsecured Creditors vote in favor of the Revised DS/Plan. |
|  | 9. Ingredion will receive releases under the Plan from the Debtors, the Committee and its members, and their respective successors and assigns under the Plan, which releases shall be binding on the Liquidating Trustee. |

| II. | Classification and Treatment |
|---|---|
| **General** | Claims and interests will be modified as set forth below. |
| **Ingredion Secured Claim (Class 1)** | The Compromised Ingredion Secured Claim will be: (i) paid in full in cash on the Effective Date of the Plan; (ii) deemed impaired; and (iii) entitled to vote in favor of the Revised DS/Plan. |
| **General Unsecured Claims (Class 3)** | Will be deemed impaired and entitled to vote. The IUC will be entitled to vote in this Class but will not receive any Class 3 distribution. |
| | Each holder of an allowed General Unsecured Claim will receive a pro rata share of distributions available to Class 3 claims in accordance with the waterfall priorities set forth under "*General Pool Waterfall*" below. |
| **Intercompany Claims (Class 3A)** | All intercompany claims and interests will be compromised and eliminated in the Plan. Claims and interests in new Class 3A will be deemed cancelled, and will receive no distribution, and will not be entitled to vote. |
| III. | Recovery Pool, Waterfall & Release Party Modification |
| **General Pool** | The general pool (the "General Pool") will include all current cash or sale proceeds of the estate. |
| | The General Pool will include: |
| | (a) Cash held by the Debtors in its debtor-in-possession account as of the Effective Date; and |
| | (b) the Sale Proceeds Trust Account. |
| **General Pool Waterfall** | Proceeds in the General Pool will be allocated in the following manner: |
| | - *first*, to pay allowed administrative expenses and the Compromised Ingredion Secured Claim in full in cash on the Effective Date of the Plan; |
| | - *second*, allowed priority claims; and |
| | - *third*, the remaining funds shall be administered by the Liquidating Trustee and shall be distributed pro rata to holders of Allowed Class 3 Claims. |
| **Release Party** | At the end of the Released Party definition (DS/Plan, Article II.A.109), the following sentence will added: "Nothing in the foregoing or the Plan or Confirmation Order, shall preclude the Liquidating Trustee from naming an officer or director, for the purpose of seeking to recover against available Insurance Policies, however, any recovery is limited to available Insurance Policies. Nothing in the |

3

|  | foregoing is intended to modify any releases and purchased assets in the Sale Order and Sale documents, including the APA. The Debtors' directors and officers agree to reasonably cooperate with the Liquidating Trustee." |
|---|---|
| **IV. Implementation** | |
| **CIAP Settlement** | The CIAP Settlement will be implemented by the filing of a motion by the Committee to approve the resolution under Rule 9019 of the Federal Rules of Bankruptcy Procedure. The approval of the CIAP Settlement will be a condition precedent to Confirmation of the Revised DS/Plan. Approval of the CIAP Settlement will be part of the Confirmation Order. The motion seeking approval of the CIAP Settlement, the Revised DS/Plan, the Confirmation Order, and any and all other agreements, motions, orders or otherwise concerning the CIAP Settlement shall be satisfactory to Ingredion in its reasonable discretion. |
| **Wind-Down Estate** | All remaining property of the estates will be maintained as a single wind-down estate (the "Wind-Down Estate"). The references to the "Plan Administrator" and "Plan Administrator Agreement" shall be changed to "Liquidating Trustee" and "Liquidating Trust Agreement." The Liquidating Trustee as identified by the Committee will administer the Wind-Down Estate and will consult with, but not be controlled by, an oversight board of three members (the "Oversight Board") with two members selected by the Committee and one selected by the Debtors. The Liquidating Trust Agreement will be consistent with this Term Sheet, the Revised DS/Plan, and orders previously entered by the Court, including the Sale Order, and shall include a provision that any Oversight Board member will recuse themselves on any issue in which he/she holds a conflict of interest. The Debtors will be filing certain Claim objections prior to Confirmation (including an objection to Arzeda Corp. (claim # 10009) and claims paid per the Sale transaction), and any filed objections not resolved before the Effective Date, will be transitioned to the Liquidating Trustee.<br><br>Professional Fees payable under the Interim Compensation Order shall be paid within ten (10) days after this Term Sheet is fully executed. |

Attachment (Summary Waterfall With Revised DS/Plan And Term Sheet)

## **SIGNATURES**

DEBTORS:       By: _____
                   Alex Berlin

               By: _____
                   Ron Morris


INGREDION:     By: _____


COMMITTEE      By: _____
                   Ben Holcombe
                   Separation Guru LLC

               By: _____
                   Dr. Marat Khodun

## SIGNATURES

DEBTORS:    By: _____
            Alex Berlin

            By: _____[signature]_____
            Ron Morris


INGREDION:  By: _____


COMMITTEE   By: _____
            Ben Holcombe
            Separation Guru LLC


            By: _____
            Dr. Marat Khodun

3194799.7 118609-112672

## SIGNATURES

DEBTORS:    By:_____
            Alex Berlin

            By:_____
            Ron Morris

INGREDION:  By: *James Gray* (Signed by: F09CAD6B1A1643A...)
            James Gray
            Chief Financial Officer

COMMITTEE   By:_____
            Ben Holcombe
            Separation Guru LLC

            By:_____
            Dr. Marat Khodun

## SIGNATURES

DEBTORS:      By: _____
              Alex Berlin

              By: _____
              Ron Morris

INGREDION:    By: _____

COMMITTEE     By: /s/ Ben Holcombe
              Ben Holcombe
              Separation Guru LLC

              By: _____
              Dr. Marat Khodun

## **SIGNATURES**

DEBTORS: By:_____
     Alex Berlin

    By:_____
     Ron Morris

INGREDION: By:_____

COMMITTEE By:_____
     Ben Holcombe
     Separation Guru LLC

    By: /s/ Marat Khodun
     Dr. Marat Khodun

5

## SUMMARY WATERFALL WITH
## REVISED DS/PLAN AND TERM SHEET

| | | | |
|---|---|---|---|
| I. | Escrow Balance | | $10,355,651.00 |
| II. | Compromised Ingredion Secured Claim (Class 1) | | (6,595,613.87) (1,000,000.00) |
| | | Remaining Sub-Total | 2,760,037.13 |
| II. | Administrative (actuals and estimates) | | |
| | A. Debtors' Professionals | | (1,017,075.77) |
| | B. UCC Professionals | | (716,990.85) |
| | C. US Trustee | | (155,075.00) |
| | | Remaining Sub-Total | 870,895.51 |
| IV. | Other Priority Claims (estimate) (Class 2) | | (5,000.00) |
| | | Remaining Sub-Total | 865,895.51 |
| V. | Allowed General Unsecured Claims (Class 3) Pool for Pro Rata Share (Est.) | | (865,895.51) |
| | | | $0 |