**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SOLAR BIOTECH, INC., *et al.*,[1] | Case No. 24-11402 (LSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: September 18, 2025** |

**THIRD CONSOLIDATED MONTHLY FEE APPLICATION OF
ESBROOK P.C. AS DELAWARE COUNSEL FOR THE OFFICIAL
COMMITTEE OF THE UNSECURED CREDITORS, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD OF FEBRUARY 1, 2025 THROUGH MARCH 31, 2025**

Name of Applicant: <u>Esbrook P.C.</u>

Authorized to Provide
Professional Services to: <u>Official Committee of the Unsecured Creditors</u>

Date of Retention: <u>October 31, 2024 *nunc pro tunc* to September 8, 2024</u>

Period for which compensation and
reimbursement is sought: <u>February 1, 2025 through March 31, 2025</u>

Amount of Compensation sought as actual,
reasonable and necessary legal services
rendered: <u>$11,522.00</u>

Amount of Expense Reimbursement sought
as actual, reasonable and necessary: <u>$317.82</u>

This is a(n): __X__ monthly            _____ interim            _____ final application

Prior Applications:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 2/17/2025 | 9/8/24 – 11/30/24 | $73,725.50 | $1,496.13 | $58,980.40 | $1,496.13 |
| 7/3/2025 | 12/1/24 – 1/31/25 | $32,922.00 | $666.70 | $26,337.60 | $666.70 |

---

[1] The Debtors in these Chapter 11 Cases are Solar Biotech, Inc. and Noblegen Inc.  The location of Debtors' principal place of business is 5516 Industrial Park Rd., Norton VA 24273, Attn: Alex Berlin.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SOLAR BIOTECH, INC., *et al.*,[1] | Case No. 24-11402 (LSS) |
| Debtors. | Jointly Administered |
| | **Obj. Deadline: September 18, 2025** |

**THIRD CONSOLIDATED MONTHLY FEE APPLICATION OF
ESBROOK P.C. AS DELAWARE COUNSEL FOR THE OFFICIAL
COMMITTEE OF THE UNSECURED CREDITORS, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD OF FEBRUARY 1, 2025 THROUGH MARCH 31, 2025**

Esbrook P.C. ("Esbrook"), Delaware counsel to the Official Committee of the Unsecured Creditors (the "Committee"), hereby submits its third consolidated monthly fee application (the "Application") for entry of an order pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§101 et seq., as amended (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Interim Compensation Order [D.I. 88], for allowance of compensation for services rendered in the amount of $11,522.00 and reimbursement of $317.82 in expenses, for a total of $11,839.82 in compensation and

---

[1] The Debtors in these Chapter 11 Cases are Solar Biotech, Inc. and Noblelgen Inc.  The location of Debtors' principal place of business is 5516 Industrial Park Rd., Norton VA 24273, Attn: Alex Berlin.

reimbursement for the period from February 1, 2025 through March 31, 2025 (the "Compensation Period"), and in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C § 1334.  This is a core proceeding, pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy rule 2016-2.

## BACKGROUND

On June 23, 2024 (the "Petition Date"), each of the Debtors commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code.

The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On July 8, 2024, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the committee of unsecured creditors (the "Committee") pursuant to section 1102(a)(1) of the Bankruptcy Code.

On July 9, 2024, the Committee selected Brinkman Law Group, PC ("BLG") as its proposed lead counsel and The Rosner Law Group LLC ("RLG") as its proposed Delaware counsel in these Chapter 11 cases.

On September 6, 2024, the Court approved the Committee's application and authorized the Committee' to employ and retain RLG as its Delaware counsel, *nunc pro tunc*, to July 9, 2024 [D.I. 188].

The primary attorney handling this case for RLG, Scott J. Leonhardt, recently left RLG and joined Esbrook, P.C.

On October 31, 2024, the Court approved the Committee's application and authorized the Committee to employ and retain Esbrook P.C. ("Esbrook") as its Delaware bankruptcy counsel *nunc pro tunc* to September 8, 2024 [D.I. 271].

This is the third request for compensation and reimbursement of expenses made by Esbrook.

**RELIEF REQUESTED**

Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, Esbrook is seeking compensation in the amounts of $9,217.60, which is equal to 80% of the $11,522.00 in fees for professional services rendered by Esbrook during the Compensation period. This amount is derived solely from the applicable hourly billing rates of Esbrook's personnel who rendered such services to the Committee. In addition, Esbrook is seeking reimbursement of expenses incurred during the Compensation Period in the amount of $317.82.

**A. Compensation Requested**

Attached as **Exhibit A** is a summary of services rendered by each professional and paraprofessional at Esbrook during the Compensation Period, along with the number of hours for each individual and the total compensation accrued for each category.

Attached hereto at **Exhibit B** is a full and detailed statement describing the services rendered by each professional and paraprofessional at Esbrook during the Compensation Period,

along with the number of hours for each individual and the total compensation sought for each category. Esbrook contends that this detailed itemization complies with Local Bankruptcy Rule 2016-2(d).

## B. Expense Reimbursement

Esbrook incurred $317.82 of out-of-pocket expenses during the Compensation Period. A chart detailing and breaking out the specific disbursements is attached hereto in **Exhibit C**.

## VALUATION OF SERVICES

Attorneys and paraprofessionals of Esbrook have expended a total of 22.3 hours in connection with this matter during the Compensation Period.

The amount of time spent by each of the professionals providing services to the Committee for the Compensation Period is set forth in **Exhibit A** hereto. The rates are Esbrook's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Esbrook for the Compensation Period as counsel for the Committee in these cases is $11,522.00.

In accordance with the factors enumerated in Bankruptcy Code section 330, Esbrook contends that the amount requested is fair and reasonable given (i) the complexity of these cases, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services and (v) the costs of comparable services other than in a case under this title. Esbrook's fees are reasonable and appropriate under the applicable legal standard and in light of the complexities, timelines, size and necessity of swiftly getting the Committee up to speed on the material issues of value in this case and should therefore be allowed.

Esbrook believes that the time entries included in **Exhibit B**, and the expense breakdown set forth in **Exhibit C** are in compliance with the requirements of Local Bankruptcy Rule 2016-2.

**NO PRIOR REQUEST**

No prior request for the relief sought in the Application has been made to this or any other court.

**WHEREFORE**, Esbrook hereby requests pursuant to the procedures allowed in the Interim Compensation Order: (i) allowance of compensation for necessary and valuable professional services rendered to the Committee in the amount of $11,522.00 and reimbursement of expenses in the amount of $317.82 for the period from December 1, 2024 through January 31, 2025; (ii) payment in the total amount of $9,535.42 (representing 80% of the total fees ($11,522.00) billed and reimbursement of $317.82 in expenses incurred during the Application Period), and (iii) such other relief as this Court deems just and proper.

Dated: September 4, 2025
Wilmington, Delaware

**ESBROOK P.C.**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE Bar No. 4885)
Katherine R. Welch (DE Bar No. 7347)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 650-7540
Email: scott.leonhardt@esbrook.com
Email: katherine.welch@esbrook.com

*Delaware Counsel to the Official*
*Committee of Unsecured Creditors*